1  PATRICIA ZAMORA, SBN 209840
   Attorney at Law
2  P.O. Box 689
3  Downey, CA   90241
   (562) 927-7444
4
   Attorneys for
5  Plaintiff HECTOR ALVARADO

6
                    UNITED STATES DISTRICT COURT
7
                    CENTRAL DISTRICT OF CALIFORNIA
8

9                                  )   CASE NUMBER:
                                   )
10                                 )
    HECTOR ALVARADO, an  individual )
11                                 )
           Plaintiff,              )   COMPLAINT
12                                 )
           vs.                     )   **[JURY TRIAL DEMANDED]**
13                                 )
     ACCURAY, INC. a California Corporation; )
14  TIBER FOREIGN EXCHANGE and DOES 1 )
15  through 10, inclusive,         )
                                   )
16         Defendants.             )
                                   )
17                                 )
                                   )
18                                 )
                                   )
19  _____)

20
       **COMES NOW** Plaintiff HECTOR ALVARADO, and shows this Honorable Court the
21
    following:
22

23                              PLAINTIFF

24      1.      At all times hereinafter mentioned, Plaintiff HECTOR ALVARADO was and still
25
    is a resident of Mexico and all times relevant herein did business with Defendants by reaching
26
    into the Jurisdictional bounds of this Court.
27

28                        COMPLAINT FOR DAMAGES

DEFENDANTS

2.      Defendant ACCURAY, INC. is registered to do business in the State of California with the California Secretary of State, under the Corporation number C2966930 and has an office at 1310 CHESAPEAKE TERRACE, SUNNYVALE CA 94089.

3.      Defendant TIBER FOREIGN EXCHANGE is a Mexican Company whose address is Avenida Paseo De La Reforma No. 265 Piso 17 Colonia Cuauhtemoc C.P. 06500 Mexico D.F., and is the company to whom which Plaintiff has been told that the consideration described herein below was deposited.

JURY DEMAND

4.      Plaintiff in this matter demands a Jury trial on any and all causes of action.

JURISDICTION

5.      Jurisdiction in this case is proper under Diversity Jurisdiction pursuant to 28 U.S.C. 1332(a)(2), because this is an action between a foreign national, whose residence is in Mexico, and a Delaware Corporation, licensed and registered to do business in California, and which was at all times relevant herein doing business in, soliciting business from Plaintiff and accepting funds wired to it in California.

FACTS

6.      On or about December 31, 2009 Defendant solicited money from Plaintiff while Plaintiff was in Mexico.

7.      Defendant stated that Plaintiff in exchange for the consideration of $150,000.00 would transfer to Plaintiff the rights, title and ownership in a product known as the "Accuray" laser, which product allowed the end user to conduct medical and surgical procedures with said laser.

COMPLAINT FOR DAMAGES

8.     The total amount of the consideration that was applicable to the "Accuray" was more than $90,000.00, the remaining $60,000.00 was consideration for Plaintiff to become a licensed representative to sell, market and distribute said "Accuray".

9.     Defendant Accuray promised that Plaintiff would make extraordinary sales, and profits from said investment and business relationship.  After much consideration, and planning, Plaintiff decided to work with Accuray.

10.     The Plaintiff and Defendant agreed that Plaintiff would make the consideration payments in two wire transfers over the time between December 31, 2009 and July 31, 2010 in the amounts of $114,722.75 and $35,592.18 respectively.

11.     Plaintiff fulfilled all of its obligations and conditions, and transferred the total amount of $150,000.00 to Defendant's bank account timely.

12.     Thereafter, Plaintiff has never transferred title to the "Accuray" and has never licensed, provided, acquiesced and has in the contrary refused to grant a license to distribute, sell or market the "Accuray" to Plaintiff.

13.     Plaintiff discovered the facts that Defendant refused to grant the license, transfer the title to the Accuray, and took a position adverse to Plaintiff in July 2010.

**CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
UNITED NATIONS CONVENTION ON CONTRACTS FOR THE
INTERNATIONAL SALE OF GOODS (1980) [CISG]CSIG
(AGAINST ALL DEFENDANTS)

14.     Plaintiff incorporates paragraphs 1 to 13 and re-alleges them as if they were alleged herein.

COMPLAINT FOR DAMAGES

15.     On or about December 2009, Plaintiff and Defendant entered into a contract, wherein Plaintiff agreed to pay $150,000 to Defendant for the right, title and ownership of the Accuray, and for the right to market, sell and distribute said Accuray.

16.     Defendants breached the agreement when Plaintiff transferred the consideration to Defendants, and Defendants never transferred, nor acquiesced and or granted a license to Plaintiff.

17.     Plaintiff performed all conditions required on its part to perform according to the contract.

18.     Defendant unreasonably, and without caused breached the agreement to transfer title, rights and ownership and failed to grant a license to Plaintiff.

19.     Plaintiff has been injured in the amount of $150,000 plus interest on the sums deposited with Defendants.

20.     Plaintiff has also lost out on profits that would have been derived from the sales of said Accuray, and distribution.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT
(AGAINST ALL DEFENDANTS)

21.     Plaintiff incorporates paragraphs 1 to 20 and realleges them as if they were alleged herein.

22.     On or about December 2009, Plaintiff and Defendant entered into a contract, wherein Plaintiff agreed to pay $150,000 to Defendant for the right, title and ownership of the Accuray, and for the right to market, sell and distribute said Accuray.

23.     Defendants breached the agreement when Plaintiff transferred the consideration to Defendants, and Defendants never transferred, nor acquiesced nor granted a license to Plaintiff.

24. Plaintiff performed all conditions required on its part to perform according to the contract.

25. Defendant unreasonably, and without cause breached the agreement to transfer title, rights and ownership and failed to grant a license to Plaintiff between July, 2010 and present.

26. Plaintiff has been injured in the amount of ($150,000.00) plus interest on the sums deposited with Defendants.

27. Plaintiff has also lost profits that would have been derived from the sales of said ACCURAY, and distribution fees.

28. Plaintiff has also been forced to bring this action, and the Contract between Plaintiff and Defendant contains an attorney's fee provision, to which Plaintiff is entitled to attorney's fees and costs.

## THIRD CAUSE OF ACTION

### PROMISSORY ESTOPPEL
### (AGAINST ALL DEFENDANTS)

29. Plaintiff incorporates paragraphs 1 to 28 and realleges them as if they were alleged herein.

30. Defendant made a promise to Plaintiff that it would transfer right, title and ownership and grant a license to distribute market and sell the Accuray to Plaintiff.

31. Defendant knew at the time of making said representation that this promise would induce and thereby did induce the Plaintiff to make a deposit with Defendant in the amount of $150,000.00.

COMPLAINT FOR DAMAGES

32.    Injustice can only be avoided by enforcement of an order forcing Defendant o pay to Plaintiff the amount of $150,000.00 plus interest from December 2009 until the time of judgment.

### FOURTH CAUSE OF ACTION

MONEY HAD AND RECEIVE / OPEN BOOK ACCOUNT
(AGAINST ALL DEFENDANTS)

33.    Plaintiff incorporates paragraphs 1 to 32 and realleges them as if they were alleged herein.

34.    During the last four years, Defendant became indebted to Plaintiff, when Defendant stated an open book account for money due to Plaintiff.

35.    Within the last four years, Defendant stated in writing by and between Plaintiff and Defendant in which it was agreed that Defendant would be indebted to Plaintiff.

36.    Within the last four years, Defendant stated in writing an account for money had and received by Defendant for the use and benefit of Plaintiff

37.    Within the last four years Defendant stated in writing an account for money lent by Plaintiff to Defendant at Defendant's special request and for money paid, laid out and expended to or for Defendant at Defendant's special instance and request.

38.    Plaintiff has been damaged in the amount of at least $150,000.00 plus daily interest at the legal rate from December 2009 until present.

//

//

//

//

COMPLAINT FOR DAMAGES

1

## FIFTH CAUSE OF ACTION
FRAUD MISREPRESENTATION
(AGAINST ALL DEFENDANTS)

39.     Plaintiff incorporates paragraphs 1 to 38 and realizes them as if they were alleged herein.

40.     On or about December 2009, Defendant through Defendants misrepresented to Plaintiff that Defendants intended to and would grant a license to Plaintiff to market, sell and distribute the Accuray.  Further, Defendants falsely misrepresented, concealed, and did not disclose that none of the aforementioned was never intended to occur, in that Defendants failed to transfer title to, ship nor provide any access to the Accuray, despite Plaintiff transferring all funds required of himself.

41.     Defendants were knowledgeable of the aforementioned facts, in that Defendants failed to perform the basic act necessary to perform the aforementioned, in that Defendant failed to transfer, identify, designate, or provide access to the Accuray for Plaintiffs benefit.

42.     Plaintiff is informed and believes that Defendants' intent to defraud is shown by Defendants intent to induce Plaintiffs to perform all of their duties, while Defendants did not provide, did not designate, failed to provide the actual Accuray, and never provided access thereto.

43.     Plaintiff justifiably relied upon Defendants aforementioned assertions and promises to provide access, transfer title, designate and deliver the Accruay, when Plaintiff paid compensation on two separate times to Defendants.

44.     Plaintiff has been damaged in the amount of $150,000.00 which represent the amount deposited in full with Defendants, lost interest at the legal rate from December 2009, lost profits, and attorneys fees and costs that are incurred in bringing this action.

COMPLAINT FOR DAMAGES

1

**SEVENTH CAUSE OF ACTION**

2

CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200

(AGAINST ALL DEFENDANTS)

3

4

45.    Plaintiff incorporates paragraphs 1 to 44 and realizes them as if they were alleged

5

herein.

6

46.    California Business and Professions Code Section 17200 provides in pertinent

7

part:

8

17200.  As used in this chapter, unfair competition shall mean and include any unlawful,

9

unfair or fraudulent business act or practices and unfair, deceptive, untrue or misleading

advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of

10

Part 3 of Division 7 of the Business and Professions Code)

11

47.    Defendants' acts and practices as detailed above constitute acts of Unfair

12

Competition. Defendants have engaged in an unlawful, unfair or fraudulent business act and/or

13

practice within the meaning of California Business & Professions Code §17200.

14

15

48.    Defendants have engaged in an "unlawful" business act and/or practice by

16

engaging in the conduct set forth above.

17

49.    Through the above-described conduct, Defendants have engaged in an "unfair"

18

business act or practice in that the justification for such actions and the refusal to notify the

19

general public of the true facts, either in the past or presently, based on the business acts and

20

21

practices described above is outweighed by the gravity of the resulting harm, particularly

22

considering the available alternatives, and/or offends public policy, is immoral, unscrupulous,

23

unethical and offensive, or causes substantial injury to consumers.

24

50.    By engaging in the above-described conduct, Defendants have engaged in a

25

"fraudulent" business act or practice in that the business acts and practices described above had a

26

tendency and likelihood to deceive Plaintiffs and the general public.

27

28

COMPLAINT FOR DAMAGES

51.     The above-described unlawful, unfair or fraudulent business acts and practices engaged in by Defendants continue to this day and/or present a threat of irreparable harm to the general public. Defendants have failed to publicly acknowledge the wrongfulness of their actions and provide the complete relief required by the statute.

52.     Pursuant to California Business & Professions Code §17203, Plaintiff, on behalf of the general public, seek a temporary, preliminary and/or permanent order from this Court prohibiting Defendants from refusing to continue to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and from failing to fully disclose the true facts as set forth herein, and or ordering Defendants or their representatives to stop misleading the public and engage in a corrective campaign, particularly in light of the public misperception created by Defendants' and/or their representatives' misstatements and omissions of material fact, as well as provide appropriate equitable monetary relief as the court deems just and appropriate to all persons with a vested interest therein.

53.     Plaintiffs, on behalf of the general public, also request the Court issue an order granting the following injunctive and/or declaratory relief:

      a.  That a judicial determination and declaration be made of the rights of the general public, and the corresponding responsibilities of Defendants;

      b.  That Defendants' representatives be ordered to cease and desist from making misrepresentations to the general public regarding the equipment sold, leased and encumbered; and

COMPLAINT FOR DAMAGES

    c.  That Defendants be required to provide equitable monetary

        relief to the members of the general public adversely affected

        by the practices at issue.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

1. Money damages in the amount of $150,000.00

2. A Permanent injunction against the Defendant from forcing the Defendants from selling any Accuray to any person other than Plaintiffs until this lawsuit is resolved;

3. An order from the Court in the form of a Permanent Injunction, in which the Defendants are forced to transfer, identify, designate or provide the Accuray or its equivalent to Plaintiff; and

4. An amount to be determined by the court in interest for the legal rate from December 2009 until time of judgment.

5. An amount to be determined by the Court in the form of attorneys fees and costs of suit incurred by this Plaintiff in bringing this action.

6. Any further relief which the court may deem appropriate.


Dated: 7 / 21 /2014                By: Patricia Zamora
                                  Patricia Zamora, Esq.
                                  Attorney for Plaintiffs.

COMPLAINT FOR DAMAGES